IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD J. CLARSON as Administrator of LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND and LOCAL No. 731, I.B. of. T., GARAGE ATTENDANTS, LINEN and LAUNDRY HEALTH & WELFARE FUND, <br><br>LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND, <br><br>and <br><br>LOCAL No. 731, I.B. of T., GARAGE ATTENDANTS, LINEN and LAUNDRY HEALTH & WELFARE FUND <br><br>Plaintiffs, <br><br>v. <br><br>LARRY ROESCH CHRYSLER-JEEP-DODGE, LLC, an Illinois corporation, <br><br>Defendant. | Case No.: 15-cv-11721 |

## COMPLAINT

Plaintiffs Local No. 731, I.B. of T., Private Scavengers & Garage Attendants Pension Fund ("Pension Fund"), Local No. 731, I.B. of T., Garage Attendants and Linen and Laundry Health & Welfare Fund ("Welfare Fund") (collectively, the "Funds"), and their Administrator, Richard J. Clarson (collectively, the "Plaintiffs"), through their attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, by way of their complaint against Defendant Larry Roesch Chrysler-Jeep-Dodge, LLC ("Company" or "Defendant"), state as follows:

## JURISDICTION AND VENUE

1.	This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to collect unpaid employee benefit contributions, interest, liquidated damages, audit fees, attorneys' fees and court costs, and, as such, this Court has jurisdiction under sections 502(e) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e) and 1132(f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c).

2.	Venue lies in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that the Funds are administered at their principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois 60527.

## PARTIES

3.	The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4.	The Funds are fiduciaries authorized to bring this action on behalf of their participants and their beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) and Richard J. Clarson, Administrator of the Funds, is a fiduciary and the agent of the Funds' Boards of Trustees delegated authority to act on behalf of the Board in this matter.

5.	Defendant Larry Roesch Chrysler-Jeep-Dodge, LLC is an Illinois corporation that has been, at all relevant times, doing business within this district and an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## COUNT I:
## FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

6. Plaintiffs incorporate by reference Paragraphs 1 through 5 of this Complaint, as through fully set forth herein, as Paragraph 6 of this Count I.

7. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I.B. of T. ("Local 731") is a labor organization within the meaning of 29 U.S.C. § 185(a).

8. At all times for which the Funds seek damages, Defendant was a party to a collective bargaining agreement with Local 731 ("Agreement"), which obligates the Company to make monthly contributions on behalf of all its employees covered by the Agreement. The Agreement also requires the Company to submit monthly remittance reports in which the Company identifies the employees covered under the Agreement and the amount of contributions remitted on behalf of each covered employee.

9. The Agreement obligates the Company to remit, by the 20th of every month, monthly contributions and to submit monthly contribution reports for the prior month, or be subject to a 10% late fee, which increases to 20% if a lawsuit is filed, as liquidated damages, and be assessed interest on any late payment and collection costs incurred in pursuing delinquent contributions.

10. At all relevant times, the Company has employed employees who have performed work covered by the Agreement.

11. Notwithstanding the Company's obligations under the Agreement, the Company has failed to fully report and remit to the Funds contributions for its employees covered by the Agreement for the months of March 2012 through July 2014 ("Audit Period"), as revealed in an audit report.

12. Notwithstanding the Company's obligations under the Agreement and despite demand duly made, the Company has failed to report and pay $41,152.00 in contributions to the Welfare Fund and $7,143.00 in contributions to the Pension Fund during the period of September 2012 through July 2014.

13. All conditions precedent to requiring payment of contributions and submission of reports to the Funds have been met.

14. The failure of Defendant Company to properly remit and make all required contributions violates ERISA Section 515, 29 U.S.C. § 1145 and LMRA Section 301, 29 U.S.C. § 185.

15. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing documents, in addition to the contributions due, the Company is also liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, audit fees, and reasonable attorneys' fees and court costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against Larry Roesch Chrysler-Jeep-Dodge, LLC, as follows:

    A.    Finding that Larry Roesch Chrysler-Jeep-Dodge, LLC violated the Agreement;

    B.    Finding that Larry Roesch Chrysler-Jeep-Dodge, LLC is liable to the Funds for all delinquent contributions as revealed in the audit report, interest, liquidated damages, audit fees and attorneys' fees and court costs;

    C.    Ordering Larry Roesch Chrysler-Jeep-Dodge, LLC to pay to Plaintiffs all unpaid contributions, accrued interest, and liquidated damages and audit fees;

    D.    Ordering Larry Roesch Chrysler-Jeep-Dodge, LLC to pay to Plaintiffs all costs and reasonable attorneys' fees incurred in collecting the amounts due; and

E.      Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## FAILURE TO PAY LIQUIDATED DAMAGES AND INTEREST
## ON UNTIMELY-PAID EMPLOYEE BENEFIT FUND CONTRIBUTIONS

16.      Plaintiffs incorporate by reference Paragraphs 1 through 15 of this Complaint, as through fully set forth herein, as Paragraph 16 of this Count II.

17.      In addition to the delinquencies described above, the Defendant Company also submitted untimely contribution reports and payments totaling $20,160.00 to the Welfare Fund for the months of July 2015 through October 2015.

18.      As a result of submitting untimely reports and payments, the Defendant Company has incurred interest and late fees, which Defendant has not paid despite demand duly made.

19.      Pursuant to the Agreement and the Funds' governing documents, Defendant Company owes interest in the amount of 1% compounded monthly and liquidated damages in the amount of 20% on the amount of contributions untimely reported now that a lawsuit has been filed.

20.      All conditions precedent to requiring payment of these liquidated damages and interest to the Welfare Fund have been met.

21.      The failure of Defendant Company to timely report and remit all required payments to the Welfare Fund violates ERISA Section 515, 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the terms of the Funds' governing trust documents, Defendant Company is liable to the Welfare Fund for interest, liquidated damages in the amount of 20%, reasonable attorneys' fees and court costs based on its failure to timely pay contributions.

**PRAYER FOR RELIEF**

WHEREFORE, the Welfare Fund respectfully request a judgment against Larry Roesch Chrysler-Jeep-Dodge, LLC, as follows:

A. Finding that Larry Roesch Chrysler-Jeep-Dodge, LLC violated the Agreement;

B. Finding that Larry Roesch Chrysler-Jeep-Dodge, LLC is liable to the Welfare Fund for all interest and liquidated damages on the amounts untimely remitted to the Welfare Fund, as well as attorneys' fees and court costs;

C. Ordering Larry Roesch Chrysler-Jeep-Dodge, LLC to pay to the Welfare Fund all unpaid accrued interest and liquidated damages on the amounts untimely remitted to the Welfare Fund;

D. Ordering Larry Roesch Chrysler-Jeep-Dodge, LLC to pay to the Welfare Fund all costs and reasonable attorneys' fees incurred in collecting the amounts due; and

E. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Elizabeth L. Rowe
Elizabeth L. Rowe
An Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361